

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-11-2009

# Alonzo Hodges v. Harry Wilson

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4868

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Alonzo Hodges v. Harry Wilson" (2009). *2009 Decisions.* Paper 835.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/835

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-247**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 08-4868
_____

ALONZO HODGES,
                    Appellant

v.

HARRY WILSON, Superintendent; SHELLY MANKEY, Unit Manager; CHARLES
POWLEY, Unit Manager; PETER SAAVEDRA, M.D., Psychiatrist; ELLEN BRYANT,
Psychologist; REBECCA PETRUS, Counselor; CAROL SCIRE, Grievance Coordinator;
SHARON BURKS, Chief Secretary of Inmates Grievance and Appeals

_____

On Appeal from the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 07-cv-0249)
District Judge: Gary L. Lancaster

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 16, 2009

Before: SLOVITER, FUENTES and JORDAN, <u>Circuit Judges</u>

(Filed: August 11, 2009 )

_____

OPINION
_____

PER CURIAM

Alonzo Hodges appeals pro se the District Court's order granting defendant Dr.

Saavedra's motion to dismiss and its subsequent order granting summary judgment in

favor of the remaining defendants. For the reasons discussed below, we agree with the

District Court's disposition of these motions and will dismiss the appeal.

I.

Hodges is an inmate at SCI-Fayette, which is run by the Pennsylvania Department

of Corrections ("DOC"). He filed a civil rights complaint pursuant to 42 U.S.C. § 1983

in District Court against a number of DOC employees, claiming that they violated his

First, Eighth, and Fourteenth Amendment rights.

For some time prior to June 2006, Hodges was housed in a single cell pursuant to

his "'Z' code" (single-cell) status. In June 2006, prison officials reevaluated and revoked

that status and Hodges was double-celled.[1] Hodges asserts that, in addition to this change

in housing status, his security risk status was elevated, which prevented him from

working certain jobs. He further alleges that defendants made the security status change

in retaliation after he stated his intention to file a lawsuit.[2] He filed numerous grievances

related to the change in his cell status, including some for alleged retaliation, and

---

[1] Defendant/appellee Shelly Mankey's affidavit states that Hodges' "temporary 'Z' code status [was] removed, primarily because he had not been involved in altercations with his cellmates and because having 'Z' code status in the past had not resulted in a positive impact on Hodges' attitude and adjustment."

[2] Hodges nevertheless admits that prison officials explained to him that the change in his security risk status was in response to a March 2006 incident of misconduct.

2

exhausted his administrative remedies.  42 U.S.C. § 1997e(a); Spruill v. Gillis, 372 F.3d

218, 227-28 (3d Cir. 2004).  Hodges claims to have sustained psychological and physical

harm as the result of being "forced" to share a cell.  He also asserts that his new cell mate

assaulted him.  He seeks the "return of [his] z-o code (single-cell status)," as well as

compensatory damages in the amount of $20,000 and $350,000 in punitive damages.

The District Court adopted the Magistrate Judge's Report and Recommendation

and granted Dr. Saavedra's motion to dismiss on November 15, 2007.[3]  The District Court

later adopted the Magistrate Judge's second Report and Recommendation and entered

judgment in favor of the remaining defendants on November 25, 2008.  Hodges filed a

timely notice of appeal.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of an

order granting a motion to dismiss is plenary.  See Santiago v. GMAC Mortg. Group,

Inc., 417 F.3d 384, 386 (3d Cir. 2005).  "To survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell

---

[3]The District Court also denied Hodges' motion for leave to file an amended complaint and his motion to amend the complaint.  Hodges sought to add a defendant, Robert Tretinik, and a claim that Tretinik violated his rights by permitting non-medical prison staff members to review his psychiatric records for the purpose of reviewing his cell status.  We agree with the  District Court that Hodges claim against the proposed defendant is without merit for the same reasons discussed below with respect to Dr. Saavedra.

Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In reviewing a District Court's grant of summary judgment, we apply the same test the District Court applied.  Saldana v. Kmart Corp., 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-moving party and drawing all inferences in that party's favor, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Id. at 232; Fed. R. Civ. P. 56(c).  The party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleading," but "must set forth specific facts showing that there is a genuine issue for trial."  Saldana, 260 F.3d at 232 (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)).

### III.

Hodges alleges generally that Dr. Saavedra "supported" the prison's decision to revoke his "Z" code" status.  Hodges also alleges that Dr. Saavedra's male secretary impersonated him during Hodges' examinations and that Dr. Saavedra allowed prison officials to view Hodges' medical records for the purpose of making a determination about his cell status.  Dr. Saavedra filed a motion to dismiss arguing that Hodges failed to allege that Dr. Saavedra had the authority to either deny or grant inmate cell assignment

4

requests or that Dr. Saavedra had failed to provide treatment.  The Magistrate Judge agreed and recommended granting the motion to dismiss.  The District Court adopted the recommendation.

Absent any assertion of attendant harm, Hodges' allegation that an imposter stood in for Dr. Saavedra does not raise a federal claim.  See Farmer v. Brennan, 511 U.S. 825 (1994); Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Hodges does not allege that Dr. Saavedra failed to provide treatment or disregarded a known risk of harm.  See e.g. Farmer, 511 U.S. 825; Estelle, 429 U.S. at 106.   Instead, Hodges merely alleges fraud and attempts to challenge Dr. Saavedra's credibility.

Hodges next claims that Dr. Saavedra conspired with the remaining defendants to "illegally" revoke his "Z code" status.  Hodges claims that Dr. Saavedra put him at risk by allowing prison staff access to his psychiatric records.  However, Hodges fails to plead sufficient factual content to allow us to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S.Ct. at 1949.  Hodges never states who was given access to his medical information, nor does he allege that Dr. Saavedra's actions put him at risk of harm from the prison population.  He does not specify what harm he faced, other than the revocation of his "Z code" status.  It is apparent that his claim against Dr. Saavedra hinges upon his belief that he has a liberty interest in being single-celled.  As explained in greater detail below, Hodges does not

5

have a liberty interest in being single-celled. As a result, he does not state a claim against Dr. Saavedra.

## IV.

Hodges claims that the remaining defendants violated his Fourteenth Amendment due process rights by revoking his "Z" code status and forcing him to double-cell. States "may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 484 (1995). Such interests are generally limited to "freedom from restraint which...imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. It is well-settled that prisoners do not have a due process right to be single-celled. See Rhodes v. Chapman, 452 U.S. 337 (1981). We agree with the District Court that Hodges has not been subjected to atypical and significant hardship because his "Z" code status has been revoked and he must now share a cell.[4]

Hodges next claims that defendants violated his Eighth Amendment rights, but again does not support the claim. The Magistrate Judge considered Hodges' factual allegations concerning the psychological and physical impacts of double-celling,

---

[4]We note the Magistrate Judge analyzed Hodges' due process claim under the "mandatory language" test articulated in Hewitt v. Helms, 459 U.S. 460 (1983), which was abandoned in Sandin v. Conner, 515 U.S. at 472-73. Any error is without consequence, given that the Magistrate Judge also based her conclusion on Sandin.

6

including an altercation with his cell mate[5], and concluded that Hodges did not establish a violation of his Eighth Amendment rights. We agree with the District Court that Hodges' complaints of depression, paranoia, and physical discomfort do not rise to the level of an Eighth Amendment violation.

Prison officials' "'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994). Prison officials must "take reasonable measures to guarantee the safety" of inmates. Id. at 832 (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). The single, two year-old incident with his cell mate that Hodges asserts does not establish that prison officials "kn[e]w of and disregard[ed] an excessive risk to [his] health or safety." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (citing Farmer v. Brennan, 511 U.S. at 837).

Finally, Hodges claims that defendants retaliated against him for filing grievances by placing him in restricted housing[6] and disqualifying him for work in the prison cafeteria. To state a cause of action for retaliation by prison officials, a prisoner must demonstrate that he was engaged in constitutionally protected conduct, that the prison officials caused him to suffer "adverse action," and that his constitutionally protected

---

[5]Hodges alleges that in July 2006 his cell mate "knocked" Hodges' hand from a light switch and pushed him against a wall during a disagreement about the light.

[6]Hodges was temporarily placed in the restricted housing unit for his initial refusal to double-cell.

conduct was a motivating factor in the officials' decision to discipline him.  Carter v.

McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002) (citing Rauser v. Horn, 241 F.3d 330, 333

(3d Cir. 2001)).  The Magistrate Judge recommended granting defendants' motion for

summary judgment on the retaliation claim because they submitted affidavits, which

Hodges did not contest, regarding Hodges' housing and work status.  Because the

uncontested evidence shows that Hodges' temporary placement in segregated housing and

the change in his work status were the result of his own misconduct, we agree with the

District Court that summary judgment was warranted on Hodges' retaliation claim.

## V.

After careful consideration, we have concluded that there is no arguable merit to

this appeal.  Accordingly, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e).

Hodges' motion for an injunction  seeking the return of his single cell status is redundant

to the claims he raises on appeal and is denied.  His motion for an injunction seeking the

return of his legal documents is also denied.[7]

---

[7] To the extent Hodges argues that the seizure of his legal papers may prevent him from filing grievances in the future, Hodges may pursue an action in the District Court for the return of his papers, if necessary.